UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

PRECIOUS MOMENTS INC.,                      *
                                            *
          Plaintiff                         *
                                            *
     v.                                     *          Civ. No. 97-1635 (PG)
                                            *
LA INFANTIL, INC., ET AL.,                  *
                                            *
          Defendant and                     *
          Third Party Plaintiff             *
                                            *
     v.                                     *
                                            *
SEGUROS TRIPLE SSS, INC.                    *
                                            *
          Third Party Defendant.            *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * * * *

## OPINION & ORDER

Defendant and Third party Plaintiff La Infantil, Inc. ("La Infantil") moves for summary judgment against Third Party Defendant Seguros Triple SSS, Inc. ("Triple SSS"). (Dkt. 113) After requesting two extensions to file a response, Triple SSS failed to file an opposition to La Infantil's motion. Thus, Triple SSS has jumped off the precipice without a parachute. The question then is if La Infantil's motion for summary judgment and the attached material leaves any question of material fact at issue.

## FACTS

Triple SSS and La Infantil entered into an insurance policy on April 11, 1997. The policy was sold to La Infantil through one of Triple general broker, Del Nido & Ascoiados Inc. (and sales agent María de Lourdes Fernández of Fernández Arote Insurance Inc.). The policy was effective from April 11, 1997 until April 11, 2000 and extends coverage for an "advertisement injury." The policy defines





AO 72A
(Rev.8/82)

97-1635 (PG)                                                                                      2

"advertisement injury" as including an "injury arising out of one or more of the following offenses:

. . .

  c.  Misappropriation of advertising ideas or style of doing business; or

  d.  Infringement of copyright, title or slogan."[1]

  On April 21, 1997, Precious Moments Inc. brought suit against La Infantil for trademark and

copyright infringement.  Following the filing of the complaint and the receipt of summons, La Infantil

communicated with the sales agent and insurance counselor, Mrs. de Lourdes Fernández and informed

her of the receipt of summons and complaint filed by Precious Moments.  In early August of 1997, La

Infantil also notified Del Nido & Asociados of the complaint and summons, and requested coverage

and defense under the policy.  On September 30, 1997, La Infantil sent written notice to Triple SSS

requesting coverage and defense under the policy.  These notices were sent by certified mail and

received by the intended parties.  La Infantil eventually filed a third party complaint against Triple SSS

on July 28, 1998.  Triple SSS denies having any obligation under the policy to defend La Infantil.

## SUMMARY JUDGMENT STANDARD

  Summary judgment is "a means of avoiding full-dress trials in unwinnable cases, thereby freeing

courts to utilize scarce judicial resources in more beneficial ways." *Messnick v. General Elec. Co.*, 950

F.2d 816, 822 (1st Cir. 1991), *cert. denied*, 504 U.S. 985 (1992).  In essence, summary judgment should

be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(c). *See also Celotex*

---

[1]The policy also states that Triple SSS will "pay those sums that [La Infantil] becomes legally obligated to pay as damages because of . . . "advertisement injury" to which the insurance applies.  We will have the right and duty to defend [La Infantil] against any suit seeking those damages."

97-1635 (PG)                                                                                           3

*Corp. v. Cattret*, 477 U.S. 317, 322 (1986). Therefore, the trial court must go beyond the façade of the pleadings, and "assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992), *cert. denied*, 507 U.S. 1030 (1993). Throughout the court's analysis, "the entire record [must be seen] in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan v. Smith* , 904 F.2d 112, 115 (1st Cir. 1990). *See also Mullin v. Raytheon Co.*, 164 F.3d 696, 698 (1st Cir. 1999), *reh'g denied by* 171 F.3d 710 (1st Cir. 1999), *cert. denied* __ U.S. __, 120 S. Ct. 44 (1999); *Maldonado-Denis v. Castillo-Rodríguez*, 23 F. 3d 576, 581 (1st Cir. 1994).

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).  A party that does not respond to a motion for summary judgment does so at its own peril; Fed R. Civ. P. 56(e) makes clear the substantial risk of an adverse judgment to a nonresponding opposing party.  This point is accentuated when one considers that the facts asserted by a party opposing the motion are regarded as true if supported by affidavits or other evidentiary material.  However, the failure to respond will not result in the automatic granting of a motion for summary judgment. *See, e.g., Thornton v. Evans*, 692 F.2d 1064 (7th Cir. 1982).  The failure to respond will result in the statement of material facts of the movant being admitted as true.  Once the movant establishes his *prima facie* case that entitles him to judgment as a matter of law, the non-movant must come forward with some competent evidence to demonstrate that there is a genuine issue of material fact. *See First Nat. Bank of Az. v. Cities Serv. Co.*,

AO 72A
(Rev.8/82)

97-1635 (PG)                                                                                           4

391 U.S. 253, 289 (1968); *Celotex Corp. v. Catrett*, 477 U.S. at 331.

## DISCUSSION

La Infantil asks the Court to find that Triple SSS (1) has a duty to defend La Infantil, (2) that

Triple SSS breached both its fiduciary duty and contractual obligations, (3) that Triple SSS should be

ordered to pay attorney's fees and costs incurred by La Infantil, and (4) reasonable attorney's fees and

costs be imposed for the prosecution of the breach of contract. Each will be discussed in turn.

**1.      Duty to Defend**

"All doubts as to whether a duty to defend exists are resolved against the insurer and in favor

of the insured. Any breach of the insurer's duty to defend its insured constitutes a breach of contract

even if the insurer in good faith erroneously denies coverage under the policy." 1 ROLAND H. LONG,

LAW OF LIABILITY INSURANCE at § 5.01, pp. 4-5 (Matthew Bender & Co., Inc. 2000). *See also Pagán*

*Caraballo v. Silva*, 112 D.P.R. 105, 112-13 (1988). The duty to defend is broader than the duty to

indemnify, "because even if the insurer is certain no liability will exist against the insured under the

policy, it still must defend the third-party's suit. An insurer has a duty to defend whenever there is a

possibility of coverage, even when that possibility is remote." *Id.* at §5.01, pp. 5-7. *See also Vega v.*

*Pepsi-Cola Bot. Co.*, 118 D.P.R. 661 (1987).

"It is settled in Puerto Rico that an insured's breach of a condition precedent requiring

cooperation with the insurer does not relieve the latter from liability unless the insurer has suffered

material and substantial prejudice therefrom. *Cuebas v. PRAICO*, 85 P.R.R. 601 (1962); *see also Valle*

*v. Heirs of Wiscovitch*, 85 P.R.R. 84 (1962)." *Municipality of San Juan v. Great Am. Ins. Co.*, 813 F.2d

520, 521 (1st Cir. 1987). "The burden of proof is on the insurer to demonstrate prejudice." *Maine*

*Drillin & Blasting v. Insurance Co. of N. Am.*, 34 F.3d 1, 5 (1st Cir. 1994). Here, Triple SSS was on

97-1635 (PG)                                                                                    5

notice. The Court thus finds that Triple SSS has a duty to defend and breached that duty. To hold

otherwise would make folly of the very purpose behind the duty to defend; "this approach discourages

the insurer, who is usually in the superior bargaining position, from defaulting on its duty to defend."

*Id.* at § 5.01, p.9.

## 2.    Breach of Duty

"Where the insurer wrongfully refuses to defend the insured on the ground that the claim against

the insured is not within the coverage of the policy, the insurer breaches the insurance contract, even

if the refusal to defend was based on a good-faith belief in no coverage." 14 COUCH ON INSURANCE 3D

at § 202:6 (1999). When an insurer refuses to defend an insured, the insurer's right to assert provisions

in the policy may be waived. *See* LAW OF LIABILITY INSURANCE at § 5.05, p. 50. The insurer also will

be bound by the judgment entered against the insured. *See id.* The insurer leaves itself open to

attorney's fees, costs, and settlement of judgment expenses when it breaches its duty to defend. *See id.*

at 51. In essence, the insured now becomes the navigator of the litigation, with the insurer paying the

way.

Here, Triple SSS breached its duty to defend La Infantil when the complaint clearly set forth

allegations that fell under the policy.[2]

## 3.    Attorney's Fees and Costs

When an insurer breaches its duty to defend, it is liable for the damages traceable to its conduct.

14 COUCH ON INSURANCE 3D at § 205:64. The purpose of this is twofold: to prevent injury to the

---

[2]In *Municipality of San Juan v. Great American Insurance Co.*, the First Circuit found that Great American's "failure to promptly notify" the Municipality amounted to a refusal to defend and thus a breach of the duty to defend and awarded costs and attorney's fees to the Municipality. 813 F.2d at 521. The First Circuit had certified several unsettled questions of Puerto Rico law to the Supreme Court of Puerto Rico. The First Circuit then based its decision upon the Supreme Court's opinion. *See Appendix A*, 813 F.2d at 522-24.

97-1635 (PG)                                                                                              6

insured and to ensure that the insurer does not profit from its own wrong. *See id.* Damages recoverable

include attorney's fees and costs. *See id.* "An insurer is liable to the insured for its expenses in

defending an action against him based upon claims both within and without policy coverage where the

insurer has failed to defend the action." *See id.* at § 205:76.

Here, La Infantil is entitled to attorney's fees and costs for its defense of the action, as well as

specific attorney's fees and costs for bringing the third-party claim against Triple SSS. La Infantil bears

the burden of proving the reasonableness of the costs and attorney's fees, which should be done in a

separate yet to be filed motion.

## CONCLUSION

The Court therefore GRANTS La Infantil's motion for summary judgment against Triple SSS.

Triple SSS breached its duty to defend La Infantil and is thus liable for attorney's fees and costs

incurred. La Infantil will file a motion clearly setting forth its claimed attorney's fees (to be determined

under the lodestar approach) and costs.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May _16_, 2000.


                                                    _Juan M. Pérez Giménez_
                                                    JUAN M. PEREZ-GIMENEZ
                                                    U.S. District Judge

AO 72A
(Rev.8/82)